**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED EUGENE TYSON, | No. 09-35908 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-01707-ST |
| v. | |
| BRIAN BELLEQUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding

Argued and Submitted October 5, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Petitioner-Appellant Fred Eugene Tyson, a state prisoner, appeals the district

court's denial of his habeas petition. We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo the district court's denial of a habeas petition. *Schell v. Witek*, 218 F.3d 1017, 1022 (9th Cir. 2000). Tyson's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, we must determine whether the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In reviewing a state court decision, we consider the "last reasoned state-court decision." *Van Lynn v. Forman*, 347 F.3d 735, 738 (9th Cir. 2003). In this case, the last reasoned state-court decision is the trial court's ruling at Tyson's 1998 trial.

Tyson argues that his constitutional rights were violated by the admission at trial of an incriminating statement that he made in response to custodial interrogation: "They know I'm innocent. They see me about to win this case so they are falsely accusing me of having sex with [J.T.]. They are willing to come up with anything." It is clearly established federal law that incriminating statements made during custodial interrogation are not admissible against a criminal defendant unless the defendant was made aware of her rights to silence and counsel and voluntarily waived them before speaking. *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). The requirements of *Miranda* apply when the

2

prosecution seeks to use a statement "stemming from custodial interrogation of the defendant," but not when the prosecution seeks to use a voluntary statement. *Id.* at 444, 472.

It is undisputed that Tyson was in custody when he made the incriminating statement because he was questioned in a locked room in a county detention center. We must determine whether Tyson's statement was made in response to interrogation.

It is clearly established federal law that "interrogation," for purposes of *Miranda*, includes "express questioning" or "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). Tyson argues that he was interrogated by Rhodes because he was asked an express question—whether J.T. was his son. Tyson also argues that Rhodes's words and actions were the "functional equivalent" of express questioning because Rhodes should have known that they were reasonably likely to elicit an incriminating response from Tyson.

We conclude that the state court did not unreasonably apply federal law when it determined that Tyson's statement was not the result of custodial

3

interrogation. Tyson's statement was not made in response to an express question—it was made in response to Rhodes's assertion that he wanted to talk to Tyson about a criminal investigation. It was not unreasonable for the state court to conclude that Rhodes's assertion (that he wanted to talk about a criminal investigation) was not reasonably likely to elicit an incriminating response. Nor was it unreasonable for the state court to find that Tyson's incriminating statement was made voluntarily.

Because Tyson's statement did not stem from custodial interrogation, the protections of *Miranda* do not apply. In light of this determination, we need not reach the question of whether Tyson knowingly, intelligently, and voluntarily waived his rights. The state court's decision to deny Tyson's motion to suppress was not contrary to nor an unreasonable application of clearly established federal law. We affirm the district court's denial of habeas relief.

**AFFIRMED.**